22 C. C. P. A. (Patents)

In re DAVIS.

Patent Appeal No. 3514.

Court of Customs and Patent Appeals.
June 3, 1935.

Thomas G. Steward, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for lack of invention in view of the prior art, claims 2, 3, 8 to 13, inclusive, 15, 16, and 17 of appellant's application. The Examiner also rejected claim 14, but the Board reversed his decision as to this claim, and said claim stands allowed. The Examiner allowed claim 18, a process claim, and this claim is not in issue here.

Claim 3 is illustrative of the claims before us, and reads as follows: "3. A machine for glazing glassware, including a refractory mass of material, means disposed at one side thereof for heating said mass, means for sustaining a glass article which

is to be glazed in proximity to and at the other side of said refractory mass, and a pinfire burner for heating and fusing and thereby glazing a selected part of said glass article."

The cited references are: Grotz, 746,-498, December 8, 1903; Connington, 760,-959, May 24, 1904; Schnelbach, 842,427, January 29, 1907; Knight, 1,577,581, March 23, 1926.

Allowed claims 14 and 18 read as follows:

"14. A machine for glazing articles of glassware including a preheating chamber having a thermallystable refractory heat-radiating mass therein, a source of heat for heating said refractory mass to a temperature approximating the fusion point of the glass article, means adjacent said refractory mass for sustaining articles that are to be glazed, and an additional source of heat, disposed beyond said refractory mass, for fusing limited and desired surfaces of said articles after they have been preheated by the radiant heat of said refractory mass."

"18. The process of glazing, which includes subjecting the article to be glazed to a hot medium maintained at a temperature just short of that at which said article softens and sags, until the temperatures of said article and said heating medium are substantially equalized, and then heating to the fusion point such part of said article as is to be glazed."

As will be observed from claim 3, appellant's alleged invention here involved relates to a machine for glazing glassware. The apparatus involved is concisely described by the Board in its decision as follows: "* * * The apparatus by which applicant carries out his process comprises a horizontally mounted turntable on which are spaced chimney-holding chucks, which chucks are caused to rotate as they pass through a tunnel in which the treatment is carried out. This tunnel extends around a certain part of the circumference of the turntable and is slotted at the bottom to permit the upper end of the chimney to pass through the tunnel. About half of the tunnel is provided with an upwardly extending partition of refractory material which terminates short of the roof of the tunnel and is spaced from the outer wall of the tunnel to provide a space in which gas burners are located, the chimneys being heated by the partition and the products of combustion which pass upward and over the top of the partition. In passing through this part of the tunnel the chimney is heated to a temperature which is just below the melting temperature of the glass. Beyond the partition of refractory material the tunnel is provided with pinfire burners, by means of which the glass of the chimney is melted and glazed. Beyond the pinfire burners the chimney is permitted to cool in passing through the remainder of the tunnel."

The claims before us were rejected on the patent to Knight, in view of any one of the patents to Grotz, Connington, or Schnelbach.

The patent to Knight relates to apparatus for glazing edges of glassware, in which the articles to be glazed are carried through a hood or tunnel heated by burner tubes. The patent states: "* * * The glassware is gradually heated as it travels through the hood 54, the chill first being taken out of the glasses and then gradually raised to a fairly high point when it leaves the hood, but not to a point approximating the fusing point of the glass."

The outlet of the hood is arranged immediately adjacent the inlet side of the fusing burner. The patent states that this burner "is adapted to fuse the glass at the upper edge of each of the articles whereby it runs slightly to form a glazed and smooth upper edge." Spaced a short distance from the outlet side of the burner is a hood or tunnel in which the glassware gradually cools. Knight does not disclose "a refractory mass of material" defined in various ways in the claims on appeal. This refractory material, as positioned in appellant's apparatus, affords a means of indirect preheating of the articles to be glazed, while the heat applied to the articles in the tunnel by Knight is direct. Knight further states: "* * * While I prefer to employ the heat retaining hood I have found that satisfactory results may be obtained without its use particularly if the apparatus is employed in a fairly warm room."

The Connington patent discloses an apparatus for bending plates of glass, which comprises a bending kiln having two side walls and a roof. In the central part of the kiln a form is placed. Upon either side of this form, and at some distance therefrom, extending almost to the top of the chamber and parallel with the side walls, are baffle walls, presumably made of refractory material. The patent states that these

baffle walls are for the purpose of forming flues for the passage of the flame and gases into the oven; the gas burners being placed near the bottom of the chamber between said baffle walls and the side walls of the chamber. The patent is silent as to heat transmitted through said baffle walls to the glass to be bent, and, in view of the distance of said baffle walls from the glass to be bent, we assume that indirect heating of the glass articles was not contemplated by the patentee.

The patent to Schnelbach discloses an annealing chamber for glassware, comprising a chamber having side walls spaced from the outer walls to form passages leading from a combustion chamber. These walls being spaced from the top of the annealing chamber, there is provided a passage from the combustion chamber into the annealing chamber. The apparatus apparently is made of refractory material. The patentee states that the object of his invention is to promote complete combustion and to cause combustion to proceed at a proper rate.

The patent to Grotz discloses an apparatus for finishing articles of glassware, more especially lamp shades, in which the article is heated by a gas burner. There is disclosed a deflector, consisting of fire clay and metal, interposed between the burner nozzles and the article to be treated. Apparently the only purpose of the deflector is to cause the heat from the gas nozzle to be directed evenly against all parts of the edge of the lamp shade or other article treated, and indirect heat through the refractory material is not contemplated.

The Board of Appeals in its decision stated:

"The examiner has taken the position that it would not be a matter of invention either to carry out the preheating, glazing and cooling steps in the apparatus of Knight in a single chamber, or to provide a partition of refractory material in the preheating chamber of Knight in view of the use of partitions of refractory material disclosed in the patents to Grotz, Connington and Schnelbach.

"Applicant urges that the patent to Knight does not fairly disclose the heating of the glassware to substantially the fusing temperature of the glass, and that the remaining references do not fairly suggest the use in the apparatus of Knight of a partition of refractory material heated on one side by a burner and adjacent the other side of which the articles to be treated are moved.

"After a careful consideration of the examiner's statement and applicant's brief we do not feel that it would be a matter of invention to so rearrange the apparatus of Knight that the preheating, glazing and cooling steps might be carried out in a single tunnel, or in view of the other references, to provide in the preheating part of the tunnel a partition of refractory material such as disclosed in this application, or to substitute for the glazing burner disclosed by Knight burners of the form shown by applicant and designated by him as pinfire burners. The selection of a particular type of glazing burner seems to us to be merely a matter of choice and while applicant appears to heat in the preliminary heating step the glassware to a higher temperature than that described by Knight, this seems to us to be a matter for determination by the user of the apparatus. From a study of the claims we do not feel that claims 2, 3, 8 to 13, 15, 16 and 17 so define applicant's invention as to patentably distinguish from the references."

■ We are in accord with the view of the Board that it would not be a matter of invention so to rearrange the apparatus of Knight that the preheating, glazing, and cooling steps might be carried out in a single tunnel, and we are also in accord with its view that the particular type of burner specified in claim 3, viz., a pinfire burner, does not aid the patentability of that claim. We are not, however, in accord with the view of the Board that it did not involve the exercise of the inventive faculty to modify the apparatus disclosed in the Knight patent by providing in the preheating part of the tunnel a partition of refractory material. These are combination claims, and all except claims 8, 9, and 13 contain positive limitations relating to the preheating of glassware and final fusing of a selected part thereof. Said claims 8, 9, and 13 will be hereinafter discussed.

The reference Schnelbach relates to the promotion of combustion in gas furnaces, and the use of the refractory material there shown would not, in our opinion, suggest the use of refractory material in the apparatus disclosed by Knight.

The reference Connington relates to a less remote art, viz., the bending of glass in a kiln, but the use of refractory material

there shown would not, in our judgment, suggest the use of such material in the Knight patent in the relation covered by claims 2, 3, 10, 11, 12, and 15 to 17, inclusive.

The patent to Grotz relates to the same art as is here involved, but we do not think the deflector there shown would suggest to one skilled in the art the modification of the Knight apparatus by using in his tunnel refractory material in the manner covered by said last-mentioned claims.

As hereinbefore noted, the Board of Appeals allowed claim 14. We see no distinction between said claim 14 and a number of the claims which were rejected, except the provision found in claim 14 wherein a source of heat is recited "for heating said refractory mass to a temperature approximating the fusion point of the glass article."

This provision, however, would seem to relate to the use or function of the apparatus disclosed and not the apparatus itself, and could not be regarded as aiding patentability of the claim. In its opinion the Board stated, with reference to claim 14, as follows: "Claim 14 covers a machine for glazing glassware which includes a preheating chamber provided with a mass of refractory material and a source of heat in which chamber the glassware is raised to approximately the fusing temperature of the glass. As this claim appears to include substantially the limitations appearing in allowed claim 18 and as it appears possible that this claim might be useful to applicant in case of litigation we feel that he should be allowed this claim along with claim 18."

While the rule is, of course, that the allowance of a claim by the Patent Office should not determine the allowance of other similar claims, we think that such allowance may properly be considered as a reason for not applying the rule that concurring decisions of the Patent Office tribunals will not be disturbed unless manifestly wrong. See In re Engelhardt, 40 F.(2d) 760, 17 C. C. P. A. (Patents) 1244.

We think that, with respect to said claims 2, 3, 10, 11, 12, and 15 to 17, inclusive, there is at least sufficient doubt upon the question of patentability that, under the rule that such doubt should be resolved in favor of the applicant, said claims should be allowed.

With respect to claims 8, 9, and 13, we would observe that none of these claims contain the element of means for fusing the glassware and, unless the phrase "a preheating tunnel for glassware that is to be glazed" in claims 8 and 9, and the phrase "an apparatus for glazing glass articles" in claim 13 be held to be positive limitations, said claims are so broad as to read upon the prior art, or at least lack invention in view of the prior art. In our opinion, these phrases should be construed to be introductory merely, and not as limitations. The kiln of Connington might be used for preheating glass articles, and his kiln contains refractory material. He was, of course, entitled to all uses of his invention. However, as hereinbefore indicated, he does not disclose the two-stage apparatus in the glazing of glass, but said claims 8, 9, and 13 call for apparatus covering only one stage. For this reason we think that, as to these claims, the decision of the Board should be affirmed.

For the reasons stated, the decision of the Board of Appeals is affirmed with respect to claims 8, 9, and 13, and it is reversed with respect to claims 2, 3, 10, 11, 12, and 15 to 17, inclusive.